IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RYAN HARDIN, ANDREW HILL, | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00290-JRG |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Protective Order Preventing Discovery of Core Work Product Documents Shared Between Outside Counsel and Potential Litigation Funders Under NDA (the "Motion") filed by Ryan Hardin and Andrew Hill (collectively, "Plaintiffs"). (Dkt. No. 83). Having considered the Motion, the subsequent briefing, and for the reasons stated herein, the Court finds that the Motion should be **GRANTED**.

### I. BACKGROUND

On July 30, 2021, Plaintiffs filed suit against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") for infringement of U.S. Patent Nos. 9,779,418, 10,049,387, and 10,984,447 (collectively, the "Patents-in-Suit"). (Dkt. No. 1). Plaintiffs filed the instant Motion seeking a protective order to prevent discovery of "core work product and . . . memoranda analyzing the [P]atents-in-[S]uit and legal issues related to them, which were prepared by . . . Winston & Strawn, LLP."[1] (Dkt. No. 83 at 2). Pursuant to the Court's

---

[1] The documents in dispute are designated as "*In Camera* Exhibits A–D." (Dkt. No. 83 at 2; Dkt. No. 83-1 at ¶¶ 14–17).

Discovery Order, Plaintiffs provided *In Camera* Exhibits A–D to the Court for *in camera* inspection.[2]

On or around July 2020, on behalf of Plaintiffs, counsel at Winston & Strawn LLP began exploring potential funding options with third parties. (Dkt. No. 83-1 ¶ 2). As a part of the same, Winston & Strawn LLP communicated with such third parties and their representatives. (*Id.* ¶ 3). Such communications on behalf of Plaintiffs were made almost exclusively through Winston & Strawn LLP. (*Id.*). Before providing *In Camera* Exhibits A–D to such third parties, they each signed non-disclosure agreements ("NDAs"). (*Id.* ¶ 10; Dkt. No. 83-2 at 5; Dkt. No. 83-3 at 3; Dkt. No. 83-4 at 6; Dkt. No. 83-5 at 3). Winston & Strawn LLP also shared other information with such third parties, including copies of the Patents-in-Suit and potential prior art, which information Plaintiffs represent have been independently produced or otherwise made available to Samsung. (Dkt. No. 83-1 ¶ 11).

## II.     LEGAL STANDARD

The rules of discovery "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." FED. R. CIV. P. 26(b)(1). Under the work product doctrine, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."[3] FED. R. CIV. P. 26(b)(3)(A). However, those materials may be discoverable if "(1) they are

---

[2] "The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection." (Dkt. No. 24 at 4).

[3] The "anticipation of litigation" standard requires that "litigation need not be imminent . . . as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982). Work product is defined as materials in anticipation of litigation, including mental impressions, legal theories, opinions, conclusions, litigation strategy, and other similar materials. *See* FED. R. CIV. P. 26(b)(3)(B).

2

otherwise discoverable under Rule 26(b)(1); and (2) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." FED. R. CIV. P. 26(b)(3)(A)(i)–(ii).  Rule 26 further provides that the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." FED. R. CIV. P. 26(b)(3)(B).

### III.   DISCUSSION

Plaintiffs argue that *In Camera* Exhibits A–D are protected as attorney work product. (Dkt. No. 83 at 6).  Plaintiffs assert that *In Camera* Exhibits A–D are memoranda created by attorneys at Winston & Strawn LLP analyzing various legal aspects concerning the Patents-in-Suit.  (*Id.*).  Plaintiffs argue that the primary motivating purpose behind creating the documents was to aid in possible future litigation.  (*Id.*).  Plaintiffs further contend that *In Camera* Exhibits A–D were shared with third parties after an NDA was effectuated, and the documents are clearly labelled "Attorney Work Product & Attorney Client Privileged – CONFIDENTIAL SUBJECT TO NDA" on each page, indicating that the documents would remain confidential.

In response, Samsung argues that Plaintiffs have not established that *In Camera* Exhibits A–D are work product because they fail to state "what information in the documents the attorneys supplied, or whether any mental impressions or opinions in the document are actually those of an attorney . . ." (Dkt. No. 96 at 3–4).  Samsung further argues that by Plaintiffs' own admission, the *In Camera* Exhibits A–D were not created for this case but for the purpose of obtaining funding from non-parties.  (*Id.*).  Samsung contends that it has a substantial need for the factual information contained in the *in camera* documents "to learn about valuations placed on [Plaintiffs'] patents prior to the present litigation" because no such information has been produced.  (*Id.* (quoting *Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, Nos. 3:15-cv-01738-H (RBB), 3:15-cv-01748-

H (RBB), 3:15-cv-01735-H (RBB), 2016 WL 7665898, at *7 (S.D. Cal. Sept. 20, 2016)). Samsung also asserts that the *in camera* documents are relevant to damages. (*Id.* at 6). In the alternative, Samsung requests that if the Court grants the Motion, "the Court should clarify that its decision does not preclude Samsung from seeking discovery of other relevant documents and communications that may be in the possession of the non-funding entities." (*Id.* at 8).

The Court finds that *In Camera* Exhibits A–D are protected under the work product doctrine. FED. R. CIV. P. 26(b)(3)(A). After a careful *in camera* review of *In Camera* Exhibits A–D, the Court agrees with Plaintiffs. The *in camera* documents were created before the instant suit was filed on behalf of Plaintiffs by Winston & Strawn LLP, and they include various legal analyses of the Patents-in-Suit. In other words, the *in camera* documents contain Plaintiffs' counsel's "mental processes," which the work product doctrine protects.[4] *Upjohn Co. v. United* States, 449 U.S. 383, 400 (1981). Accordingly, the Court concludes that *In Camera* Exhibits A–D were created in anticipation of litigation and the primary motivating purpose behind the creation of such documents was to aid in possible future litigation—here, the above-captioned case.

Plaintiffs did not waive the work product protection by disclosing *In Camera* Exhibits A–D to possible or actual third-party funders. As this District has noted, "Litigation funders have an inherent interest in maintaining the confidentiality of potential clients' information, therefore, [Plaintiffs] had an expectation that the information disclosed to the litigation funders would be treated as confidential." *United States v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543, 2016 WL 1031157, at *3 (E.D. Tex. Mar. 15, 2016). Plaintiffs disclosed *In Camera* Exhibits A–D to such third parties pursuant to NDAs, and each page of the *in camera* documents was clearly labelled "Attorney Work Product & Attorney Client Privileged – CONFIDENTIAL SUBJECT TO NDA," which preserves confidentiality and does not waive it. *See id.* (stating that "although

---

[4] Rule 26 requires courts to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney . . . concerning the litigation." FED. R. CIV. P. 26(b)(3)(B).

the documents were disclosed to third parties, the disclosures did not constitute a waiver because they were disclosed subject to non-disclosure agreements, and thus, did not substantially increase the likelihood that an adversary would come into possession of the materials.").

Samsung has not provided a substantial need for *In Camera* Exhibits A–D. Although Samsung contends that it has a substantial need for the factual information contained within the *in camera* documents, Samsung makes no such claim as to the mental impressions of Plaintiffs' counsel contained therein. Relevance does not obviate confidentiality. It merely establishes a basis upon which privilege and confidentiality can be tested. Here, Plaintiffs' claims of attorney work product pass such tests.

## IV. CONCLUSION

Having considered the Motion, the Court finds that it should be and hereby is **GRANTED**. Accordingly, *In Camera* Exhibits A–D are protected by the work product doctrine and deemed not to be discoverable herein.

**So ORDERED and SIGNED this 25th day of October, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE